**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000498
30-MAY-2012
08:43 AM**

CAAP-11-0000498

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE BNC MORTGAGE LOAN TRUST 2006-2,
Plaintiff/Counterclaim Defendant/Appellee,
v.
SARAH NAKIHEI AND ABNER NAKIHEI,
Defendants/Cross-Claim Defendants/Appellants,
and
ASSOCIATION OF APARTMENT OWNERS OF HALEAKALA GARDENS,
Defendant/Counter Claimant/Cross-Claimant/Appellee,
and
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAIʻI AND
LORELIE MORALES, Defendants/Cross-Claim Defendants/Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 AND DOE GOVERNMENTAL
UNITS 1-10, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0233(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)


Defendants-Appellants Sarah Nakihei and Abner Nakihei
(collectively, the Nakiheis) appeal from the order denying the

Nakiheis' motions (1) to set aside default and (2) to reconsider and vacate the order granting summary judgment and decree of foreclosure (Order Denying Motions),[1] which was filed in the Circuit Court of the Second Circuit (Circuit Court)[2] on June 6, 2011.

On appeal, the Nakiheis argue that the Circuit Court erred in denying their "Motion to Set Aside Entry of Default" (Motion to Set Aside Default) because the entry of default against the Nakiheis was improper and because the Nakiheis satisfied the test set forth in BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 549 P.2d 1147 (1976), for setting aside the default. The Nakiheis also argue that the Circuit Court erred in denying their "Motion to Reconsider and Vacate Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure against all Defendants on Complaint filed March 24, 2009" (Motion to Vacate Summary Judgment).

I.

We resolve the issues raised by the Nakiheis on appeal as follows:

1.    Before applying the BDM, Inc. test for setting aside a default, we must first decide whether the entry of default was improper. See Long v. Long, 101 Hawaiʻi 400, 407, 69 P.3d 528, 535 (App. 2003). "Otherwise, a court could impose the BDM, Inc. burden upon a defendant simply by abusing its discretion and entering a default against the defendant." Id.

---

[1] The full title of this order is "Order Denying (1) Defendants Sarah Nakihei and Abner Nakihei's Motion to Set Aside Entry of Default filed December 15, 2010 and (2) Defendants Sarah Nakihei and Abner Nakihei's Motion to Reconsider and Vacate Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint filed March 24, 2009, filed December 15, 2010."

[2] The Honorable Shackley F. Raffetto presided.

In the declaration supporting Plaintiff's request to the clerk of the Circuit Court for entry of default against the Nakiheis, counsel for Plaintiff-Appellee U.S. Bank National Association, as Trustee for the BNC Mortgage Loan Trust 2006-2 (U.S. Bank), represented that the Nakiheis had "failed to answer or otherwise appear in this action within twenty (20) days after the service of the Complaint[.]" Counsel's declaration failed to disclose and acknowledge that, in response to the complaint filed by U.S. Bank, the Nakiheis, proceeding pro se, filed a "Verified Courtesy Notice of Objection to Plaintiff's Irregular Action and Request for the Ratification of Commencement" (Notice of Objection). We conclude that, notwithstanding any irregularities in the substance and form of the Notice of Objection, the Nakiheis' filing of the Notice of Objection and U.S. Bank's failure to disclose and acknowledge it in requesting entry of default rendered the clerk's entry of default against the Nakiheis improper, and that the Circuit Court erred in denying the Nakiheis' Motion to Set Aside Default. See Hawai'i Rules of Civil Procedure Rules 12 and 55(a) and (c) (2000). Given our analysis, we need not address the Nakiheis' alternative argument that the Circuit Court erred in denying their Motion to Set Aside Default because they satisfied the test set forth in BDM, Inc.

2. The entry of default against the Nakiheis precluded them from contesting the Bank's motion for summary judgment and decree of foreclosure. See Bank of Hawaii v. Horwoth, 71 Haw. 204, 216, 787 P.2d 674, 681 (1990). Because the entry of default against the Nakiheis was improper, we conclude that the Circuit Court also erred in denying the Nakiheis' Motion to Vacate Summary Judgment.

3

II.

We vacate the Circuit Court's Order Denying Motions and remand the case for further proceedings consistent with this Summary Disposition Order.


DATED:   Honolulu, Hawaiʻi, May 30, 2012.

On the briefs:

Robin R. Horner
(RRH & Associates
Attorneys at Law LLLC)
for Defendants/Cross-
Claim Defendants/
Appellants

Robert E. Chapman
Elise Owens Thorn
(Clay Chapman Iwamura
Pulice & Nervell)
for Plaintiff/Counterclaim
Defendant/Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

*Lawrence M. Reifurth*
Associate Judge